UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Scott Richards and Shani Richards,

          Debtors

Chapter 13
Case No. 15-10337

## ORDER DIRECTING EMPLOYER TO DEDUCT AND PAY OVER

The chapter 13 trustee asked the Court for an order directing Ms. Richards's employer, Acadia Hospital, to withhold $201.69 from her biweekly wages and to pay such withheld amounts to the trustee as plan contributions. *See* Motion for Order Directing Employer to Deduct and Pay Over [D.E. 42] (the "Motion"). Although no plan has been confirmed in this chapter 13 case, the trustee represents that the Debtors "through counsel, have requested the payroll deduction and consent to" the Motion. The trustee scheduled a hearing on the Motion for April 12, 2016, with an objection deadline of April 1. No timely objections or other responses were filed.

Section 1325 of the Bankruptcy Code provides that "[a]fter confirmation of a plan, the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee." 11 U.S.C. § 1325(c). The trustee does not appear to rely on section 1325(c) here nor could he reasonably do so: there is no confirmed plan in this case. That means that there must be some other source of the Court's presumed authority to grant the relief sought by the Motion. Given the nature of the relief sought (*i.e.*, a pre-confirmation "payroll order"), the combination of section 105(a) and Ms. Richards's consent is sufficient. *See* 11 U.S.C. § 105(a)(authorizing the Court to issue orders that are necessary and appropriate to carry out the provisions of Title 11).

When, before confirmation, a debtor consents to entry of a payroll order, a motion seeking the issuance of the order may be submitted on negative notice pursuant to the second sentence of D.

Me. LBR 9013-1(d)(1).  When, before confirmation, a debtor has not affirmatively consented to the payroll order before the motion is filed, the trustee may not use the streamlined procedure set forth in Local Rule 9013-1(d)(1).  Instead, the matter must be set for hearing with adequate notice and opportunity for hearing.  That ensures that the debtor has an opportunity to contest the necessity or propriety of the relief before the relief is granted.[1]

Based on the foregoing, the Court orders the following:

1.  The Motion is granted on the terms set forth herein.  Acadia Hospital is hereby directed to deduct, from the income of Shani Richards, the sum of **$201.69** biweekly effective immediately.  Such funds shall be paid to the order of "CHAPTER 13 TRUSTEE" and checks must be sent to the trustee at Peter C. Fessenden, Esq., Standing Chapter 13 Trustee, P.O. Box C, Brunswick, Maine 04011.  Each check must include Ms. Richards's name and her case number (15-10337);

2.  Paragraph 1 of this order remains in effect until the earlier of (a) the dismissal or conversion of this chapter 13 case; (b) written revocation by the chapter 13 trustee; or (c) the entry of an order of this Court suspending, modifying, or terminating the relief granted by Paragraph 1; and

3.  The Court's order dated June 2, 2015 [D.E. 11] is hereby vacated under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b).  The chapter 13 trustee is directed to give written notice to Acadia Hospital that the prior payroll order (for $334.62 biweekly) has been vacated and, therefore, is no longer operative.

Dated:  April 6, 2016

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[1] This order does not address the procedure for obtaining an order under section 1325(c) <u>after</u> confirmation of a chapter 13 plan.